NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ARIEL STEIN,

    *Plaintiff*,

    v.

UNITED AIRLINES, INC.,

    *Defendant*.

---

Civil Action No. 25-cv-1921

**OPINION**

April 10, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Defendant United Airlines, Inc.'s Motion to Dismiss (ECF 42, "Motion" or "Mot.") *pro* se Plaintiff Ariel Stein's Complaint (ECF 1, "Complaint" or "Compl."). Plaintiff has opposed the Motion (ECF 52, "Opposition" or "Opp."), and Defendant has replied in support of the Motion (ECF 56, "Reply.") The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff is a natural person residing in Miami-Dade County, Florida who was hired by Defendant—a major airline authorized to do business in New Jersey—as a flight attendant in April

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court construes Plaintiff's *pro se* filings liberally. *See Marcinek v. Comm'r*, 467 Fed. Appx. 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

1

2018.  (Compl. ¶¶ 3, 5-6.)  Plaintiff alleges that on November 2, 2021, he was involved in a workplace accident in which he sustained injuries.  (*Id.* ¶¶ 7-8.)  Plaintiff alleges that he notified United Airlines management that his injuries impeded his ability to work, and that he requested a reasonable accommodation.  (*Id.* ¶ 8.)  Plaintiff then alleges that for two years, he complained to Defendant about returning to work and "the failure to be seen by [Defendant's] designated doctors[,]" and that on July 7, 2023, he was evaluated by a medical provider with Atlantic Kinetics (as designated by Defendant), who issued a determination that Plaintiff was unfit to return to work because he did not meet the strength requirements.  (*Id.* ¶ 10.)  Plaintiff alleges that he obtained parallel evaluations from other physicians not designated by Defendant who determined that he was able to return to work, and that he subsequently filed complaints both internally with United Airlines and the EEOC.  (*Id.* ¶¶ 11-12.)  Plaintiff alleges that because of these complaints, Defendant discriminated against him by declining to allow him to return to work and ultimately terminating him.  (*Id.* ¶¶ 14-15.)

Plaintiff filed the Complaint in this action on March 17, 2025, asserting four causes of action against Defendant: (1) disability discrimination and failure to accommodate under the Americans with Disabilities Act; (2) disability discrimination and failure to accommodate under the Florida Civil Rights Act of 1992 ("FCRA"); (3) retaliation in violation of 18 U.S.C. § 1981; and (4) violation of the Florida Private Sector Whistleblower Act ("FPSWA").  (*Id.* ¶¶ 16-61.) As relief for these alleged injuries, Plaintiff seeks: special economic damages such as back pay, compensatory damages, lost wages, and lost benefits; general non-economic damages for mental, emotional, and physical injuries; prejudgment interest; attorneys' fees and costs of suit; and an injunction "requiring Defendant […] to adopt reasonable postings and changes in personnel

policies and procedures regarding disability harassment, discrimination and relation" and training regarding the same. (*Id.* at Prayer for Relief ¶¶ 1-7.)

On July 15, 2025, Defendant filed the Motion to Dismiss. (*See generally* Mot.) Plaintiff filed his Opposition to the Motion on August 27, 2025 (Opp.), and on September 29, 2025, Defendant filed its Reply in support of the Motion (Reply).

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Where a defendant files a motion to dismiss invoking the Eleventh Amendment sovereign immunity defense, such a motion is analyzed under Fed. R. Civ. P. 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (Since "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction[,]" a motion invoking such a defense "may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)"); *see also Saint-Jean v. Cnty. of Bergen*, 509 F. Supp. 3d 87, 97 (D.N.J. 2020).

Ordinarily, even where a plaintiff proceeds *pro se*, "once a 12(b)(1) challenge is raised, the burden shifts to the plaintiff to demonstrate the existence of subject matter jurisdiction." *See Towaki Komatsu v. NYP Holdings, Inc.*, No. 12-07088, 2013 WL 504602, at *1 (D.N.J. Feb. 7, 2013); *see also Lancaster v. New Jersey Transit Corp.,* No. 20-1995, 2021 WL 4473114, at *2 (D.N.J. Sept. 30, 2021). "However, because 'Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense,' and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability." *Saint-Jean*, 509 F. Supp. 3d at 97 (quoting *Garcia v.*

3

*Knapp*, No. 19-17946, 2020 WL 2786930, at *3 (D.N.J. May 29, 2020)); *see also Christy v. Pennsylvania Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995); *Carter v. City of Philadelphia*, 181 F.3d 339, 347 (3d Cir. 1999).

When presented with a Rule 12(b)(1) motion to dismiss, "the Court must determine whether the defendant is making a 'facial or factual challenge to the court's subject-matter jurisdiction.'" *Garcia*, 2020 WL 2786930, at *3 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)); *see also Leadbeater v. JP Morgan* Chase*, N.A*, No. 16-7655 (JMV), 2017 WL 4790384, at *3 (D.N.J. Oct. 24, 2017) ("In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed."). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal quotation marks and citations omitted). Conversely, a factual attack "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

"When a party moves to dismiss prior to answering the complaint...the motion is generally considered a facial attack." *Saint-Jean*, 509 F. Supp. 3d at 97 (quoting *Leadbeater*, 2017 WL 4790384, at *3). Further, where a defendant invokes an Eleventh Amendment sovereign immunity defense in a Rule 12(b)(1) motion to dismiss, the motion is generally considered a facial attack. *See Garcia*, 2020 WL 2786930, at *4 ("Defendants, by asserting Eleventh Amendment immunity, raise a facial 12(b)(1) challenge."); *see also Berk v. New Jersey Unemployment Ins.*, No. 23-12891, 2024 WL 4891749, at *2 (D.N.J. Nov. 26, 2024) ("Here, Defendant's motion asserts the defense

4

of sovereign immunity under the Eleventh Amendment based on the facts as pled in the Complaint, thereby raising a facial attack."); *Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at \*3 (D.N.J. July 15, 2015).

A facial challenge under Rule 12(b)(1) is akin to a challenge under Rule 12(b)(6). *See Saint-Jean*, 509 F. Supp. 3d at 97 ("a [12(b)(1)] facial motion is handled much like a 12(b)(6) motion"); *see also Const. Party of Pa.*, 757 F.3d at 358 ("a [12(b)(1)] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)"]. Thus, when "reviewing a facial attack, the Court should consider only the allegations in the complaint, along with documents referenced therein and attached thereto, in the light most favorable to the nonmoving party[,]" and "allegations in the complaint [shall be] accepted as true." *Saint-Jean*, 509 F. Supp. 3d at 97.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  The court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).  If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, No. 10-02945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.    <u>ANALYSIS</u>

In its Motion to Dismiss, Defendant argues that the Complaint must be dismissed because: (1) Plaintiff's claims under Florida do not apply to parties and conduct that occurred outside the state of Florida; (2) Plaintiff's Section 1981 claim fails to plead that Defendant discriminated against him on the basis of race; (3) Plaintiff generally fails to state claims for discrimination on the basis of disability and retaliation for which relief can be granted; and (4) the Railway Labor Act ("RLA") deprives this Court of jurisdiction over Plaintiff's claims because the claims are properly governed by a collective bargaining agreement ("CBA") between Defendant and Plaintiff's labor union.  (*See generally* Mot.)  The Court addresses each argument in turn.

#### a.  **Florida Law Claims**

Defendant's first argument is that, per *Bigelow v. Virginia*, 421 U.S. 809, 824 (1975), "as a general rule, a state statute has no force beyond its own borders[,]" and to overcome this presumption against extraterritorial application, per *Boehner v. McDermott*, 332 F. Supp. 2d 149,

155 (D.D.C. 2004), a state statute must "contain an 'express intention that its provisions are to be given extraterritorial effect.'" (Mot. at 6.)  Defendant points out that neither the FCRA nor the FPSWA include such language, and that the Complaint contains no allegations that any of the relevant parties or conduct in this case have relationship to the state of Florida that would allow this Court to apply the statutes. (*Id.* at 7-8.)

Plaintiff does not oppose this argument, and the Court sees no other reason why Florida law should apply in this case, so Defendant's Motion is hereby **GRANTED** as to the Florida claims.  Counts II and IV of the Complaint are **DISMISSED** with prejudice.

### b.  Section 1981 Claim

42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory […] to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Defendant argues that in *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020), the Supreme Court set forth that, to successfully plead a Section 1981 claim, "a plaintiff must initially plead […] that, but for race, it would not have suffered the loss of a legally protected right[,]" and that in *Berk v. Ritz Carlton Condo. Ass'n*, No. 23-1877, 2024 WL 228414, at *4 (D.N.J. Jan. 22, 2024), *appeal dismissed,* No. 24-1317, 2024 WL 3861103 (3d Cir. June 7, 2024), the Third Circuit found that "allegations related to Plaintiffs' alleged disabilities are unrelated to the § 1981 claims, which protect against discrimination on the basis of race." (Mot. at 9.)  Defendant notes that Plaintiff makes no allegations in the Complaint that he suffered discrimination because of his race, and it argues that because of this, Plaintiff's claim under Section 1981 should be dismissed. (*Id.* at 9-10.)

7

In the Opposition, Plaintiff states that his claims arise under 42 U.S.C. § 1981 but offers no substantive legal or factual arguments articulating why this is the case. (*See generally,* Opp.) In the Reply, Defendant reiterates its argument. (*See generally,* Reply.)

The Court finds Defendant's reasoning persuasive on this question. Absent some baseline pleading of discrimination on the basis of race, Plaintiff cannot sustain a claim under 42 U.S.C. § 1981. *Comcast*, 589 U.S. at 341. Plaintiff's unsupported statements that Section 1981 applies are the sort of the conclusory allegations that the Court must not credit as true for the purpose of analyzing Defendant's Motion to Dismiss. *See Iqbal*, 556 U.S. at 663 ("First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). For this reason, Defendant's Motion to Dismiss Plaintiff's claim under 42 U.S.C. § 1981 is **GRANTED**, and Count III is **DISMISSED** without prejudice.

### c. ADA Claim and Railway Labor Act

Defendant argues that the Court lacks jurisdiction over Plaintiff's remaining claim for discrimination under the Americans with Disabilities Act because, under the Railway Labor Act, the claim raises a minor dispute about the interpretation of a CBA between Defendant and Plaintiff's union concerning whether Defendant properly terminated Plaintiff based on his fitness for duty as a flight attendant. (Mot. at 14-17.) In Defendant's view, "the RLA requires that Plaintiff's claims are subject to the exclusive jurisdiction of the Systems Board and dismissed from this case." (*Id.* at 17.)

Plaintiff first cites *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 256 (1994), for the proposition that his ADA claim is not preempted by the RLA because it is a right conferred by

8

statute and "the RLA's mechanism for resolving minor disputes does not pre-empt causes of action to enforce rights that are independent of the CBA." (Opp. at 2.) Plaintiff also argues that "[e]ven if the RLA were implicated, Defendant unilaterally prevented Plaintiff from access the System Board of Adjustment[,]" such that "[n]either Plaintiff nor his union were permitted to arbitrate." (*Id.*) Plaintiff argues, without providing legal support, that "Defendant cannot now reply on the RLA as a bar to federal jurisdiction" and that "[c]ourts have rejected efforts to use the RLA both as a sword and a shield." (*Id.*)

In the Reply, Defendant argues that "Plaintiff now alleges that he was harmed because United failed to follow the arbitration process under the CBA" which "only reinforces that the CBA is at the heart of Plaintiff's claims and must be applied and interpreted here."[2] (Reply at 6.) Defendant asserts that Plaintiff's analysis on the RLA's applicability to statutory rights is incomplete, as the determination of "[w]hether a claim arises independent of the CBA requires an evaluation of whether the claim involves 'purely factual questions' about the employer's or employee's conduct or motives or whether the claim is 'dependent on the interpretation of a collective bargaining agreement.'" (*Id.* at 7; citing *Hawaiian Airlines*, 512 U.S. at 261-262.)

The RLA, 45 U.S.C. § 151a:

"establishes a mandatory arbitral mechanism for the prompt and orderly settlement of two classes of disputes. […] The first class, those concerning rates of pay, rules or working conditions, *ibid.,* are deemed 'major' disputes. Major disputes relate to 'the formation of collective [bargaining] agreements or efforts to secure them.' The second class of disputes, known as 'minor' disputes, "gro[w] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions." […] Minor disputes involve "controversies over the

---

[2] Defendant also disputes Plaintiff's characterization of the breakdown of the arbitration process, noting that the exhibits attached to Plaintiff's reveal that the arbitration broke down due to Plaintiff's non-payment of the arbitrator's retainer fees.

meaning of an existing collective bargaining agreement in a particular fact situation."

*Hawaiian Airlines*, 512 U.S. at 252-253 (cleaned up).  Major disputes "arise in the absence of [a CBA] or where a party seeks to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy."  *Int'l Ass'n of Machinists & Aerospace Workers v. U.S. Airways, Inc.*, 358 F.3d 255, 260 (3d Cir. 2004).  "In contrast, minor disputes arise out of grievances or out of the interpretation or application of existing collective bargaining agreements."  *Id.*  A dispute is minor if the employer's action "arguably is justified by the implied or express terms of the parties' collective bargaining agreement."  *Id.*

Here, the Court finds that Plaintiff's ADA claim is effectively a minor dispute about Defendant's action under the CBA between Defendant and Plaintiff's union governing the arbitration process flowing from work-related injuries.  As Defendant notes, the only substantive facts Plaintiff pleads in support of his ADA claim are that he was out of work for two years before his medical evaluation by the United-designated physician resulted in a determination that he was not able to work because he did not meet the strength requirements for the job.  (Mot. at 12; Compl. ¶ 10.)  Plaintiff otherwise pleads that he responded to Defendant's determination by stating that he was able to return to work, that he obtained "certification from several physicians and specialists to return to work[,]" and that these privately-engaged doctors disputed the credibility of the United-designated physician's analysis.  (Compl. ¶¶ 11-12.)  As pleaded, these facts articulate a dispute about the medical evaluation process under the CBA rather than a claim for disability discrimination.  Plaintiff's remaining allegations largely amount to unsupported, abstract, and conclusory claims that United "harassed" him, that "he felt that he was being 'singled out'" due to filing a worker compensation claim, and that he was treated differently to unspecified "non-disabled employees.  (*Id.* ¶¶ 12-20.)  Without more, the Court is unable to credit these claims, and

10

is left to review only Plaintiff's claims relating to the medical evaluation, which clearly require the Court to interpret whether United's actions were justified by the terms of the CBA.

As such, the Court lacks jurisdiction over Plaintiff's ADA claim. Accordingly, Defendant's Motion is **GRANTED** and Count I of the Complaint is hereby **DISMISSED** with prejudice.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice as to Counts I, II, and IV, and without prejudice as to Count III. An appropriate order follows.

*/s/ Jamel K. Semper*
**Hon. Jamel K. Semper**
**United States District Judge**

Orig:        Clerk
cc:           Cari Fais, U.S.M.J.
              Parties